# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

Kyle Van Dyk
Dina Marie Van Dyk

Chapter: 13

Case No.: 5:24-bk-02793-MJC

Debtor(s)

## NOTICE

The confirmation hearing on the 2nd Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: April 17, 2025      Time: 10:00 am

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: April 10, 2025.

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing remotely shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 3/10/2025      Filed by: /s/ Christopher G. Cassie

Christopher G. Cassie, Esq.

Keaveney Legal Group

Rev. 12/01/18

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: Kyle Van Dyk & Dina Marie Van Dyk    CHAPTER 13

CASE NO. 5:24-bk-02793-MJC

☐ ORIGINAL PLAN
☑ 2nd AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
__ Number of Motions to Avoid Liens
__ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☑ Included | ☑ Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   **A. Plan Payments From Future Income**

   1. To date, the Debtor paid $2,400.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $39,528.00 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/2025 | 10/2029 | $663.00 | $0.00 | $663.00 | $37,128.00 |
| | | | | | |
| | | | | Total Payments: | $37,128.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:

☑ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

☐ Debtor is over median income. Debtor calculates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

### B. Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is $0.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.) *Check one:*

☑ No assets will be liquidated.
*If this line is checked, the rest of § 1.B need not be completed or reproduced.*

☐ Certain assets will be liquidated as follows:

1. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $___ from the sale of property known and designated as _____ All sales shall be completed by _____, 20__. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check One:*

☑ None.
*If this line is checked, the rest of § 2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claim Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check One:*

☐ None.
If this is checked, the rest of § 2.B need not be completed or reproduced.

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Pennymac Loan Services LLC | 3037 Pleasant View Drive Kunkletown, PA 18058 | 8586 |

### C. Arrears (Including but not limited to, claim secured by Debtor's principal residence). *Check One:*

☐ None.
If this is checked, the rest of § 2.C need not be completed or reproduced.

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for

under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in Plan |
|---|---|---|---|---|
| Pennymac Loan Services LLC | 3037 Pleasant View Drive Kunkletown, PA 18058 | $30,968.35 | | $30,968.35 |
| | | | | |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.).** *Check One:*

☐ None.

If this is checked, the rest of § 2.D need not be completed or reproduced.

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in Plan |
|---|---|---|---|---|
| Pennsylvania Department of Revenue | 3037 Pleasant View Drive, Kunkletown, PA 18058 | $1,279.98 | 8.00% | $1,557.20 |

**E. Secured claims for which a § 506 valuation is applicable).** *Check One:*

☑ None.

If this is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral.** *Check One:*

☑ None.

If this is checked, the rest of § 2.F need not be completed or reproduced.

**F. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens:*

☑ None.

If this is checked, the rest of § 2.G need not be completed or reproduced.

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. **Attorney's Fees.** Complete only one of the following options:

   a. In addition to the retainer of $1,530.00 already paid by the Debtor, the amount of $2,970.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $___ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. **Other.** Other administrative claims not included in § 3.A.1 or 3.A.2 above. *Check One:*

   ☑ None.
   If this line is checked, the rest of § 3.A.3 need not be completed or reproduced.

☐ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. <u>Domestic Support Obligations).</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| -NONE- |  |

C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11. U.S.C. §507(a)(1)(B)</u>. *Check One:*

☑ None.

*If this line is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

4. **UNSECURED CLAIMS.**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. *Check One:*

   ☑ None.

   If this is checked, the rest of § 4.A need not be completed or reproduced.

   B. <u>Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes</u>.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check One:*

   ☑ None.

   If this is checked, the rest of § 5 need not be completed or reproduced.

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☑ plan confirmation.

   ☐ entry of discharge.

   ☐ closing of case

7. **DISCHARGE:** (*Check one*)

   ☑ The debtor will seek a discharge pursuant to § 1328(a).

   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Level 1: Adequate protection payments.
   Level 2: Debtor's attorney's fees.
   Level 3: Domestic Support Obligations.
   Level 4: Priority claims, pro rata.
   Level 5: Secured claims, pro rata.
   Level 6: Specially classified unsecured claims.

Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated: 03/10/2025

/s/ Christopher Cassie
Attorney for Debtor

/s/ Kyle Van Dyk
Debtor

/s/ Dina Marie Van Dyk
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.